UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
_____

SHAUNDEL SMITH and FRANK SMITH,

                      Plaintiffs,

                                                         5:10-CV-00352 (TWD)

v.

DETECTIVE THOMAS SKARDINSKI,
DETECTIVE SEAN LYNCH,
DETECTIVE GEORGE HACK, SERGEANT
EDWARD TAGLIALATELA, DETECTIVE STEVEN
KILBURN, DETECTIVE EDWARD MACBLANE,
DETECTIVE PATRICK DECASTRO,
TIMOTHY GALANAUGH,

                      Defendants.
_____

| APPEARANCES: | OF COUNSEL: |
|---|---|
| OFFICE OF ANTOINETTE L. WILLIAMS, P.C.<br>Counsel for Plaintiffs<br>One Wolfs Lane Suite 9<br>Pelham, NY 10803 | ANTOINETTE L. WILLIAMS, ESQ. |
| OFFICE OF CORPORATION COUNSEL<br>FOR CITY OF SYRACUSE<br>Counsel for Defendants<br>300 City Hall<br>Syracuse, NY 13202 | AIMEE M. PAQUETTE, ESQ.<br>JAMES P. MCGINTY, ESQ. |

THÉRÈSE WILEY DANCKS, United States Magistrate Judge

# ORDER

      This civil rights action has been assigned to me on consent of the parties, pursuant to 28 U.S.C. § 636(b) and Local Rule 73.1. (Dkt. No. 41.) Currently pending before this Court are the following motions: (1) Defendants' motion for judgment as a matter of law pursuant to Rule 50 of the Federal Rules of Civil Procedure with respect to all of the causes of action, as well as the

defense of qualified immunity; (2) Plaintiffs' motion for judgment as a matter of law on all causes of action and finding that the defense of qualified immunity does not apply; and (3) both parties' request for a mistrial.  For the reasons discussed below, Defendants' motion is granted in part and denied in part; Plaintiffs' motion is denied; and the requests for a mistrial are denied.

## I. BACKGROUND

Plaintiffs' causes of action involve claims of false arrest, false imprisonment, unreasonable search and seizure, and excessive force arising out of events that occurred from November 12, 2008, to November 14, 2008.  (Dkt. No. 11.)  Defendants assert various affirmative defenses including probable cause, justification, privilege, and qualified immunity.  (Dkt. No. 16 ¶¶ 16-19.)  A trial was held on November 26, 2012, through December 4, 2012, but the jury was unable to reach a unanimous verdict and a mistrial was declared.  (Text Minute Entry Dec. 4, 2012.)  A new trial was held on March 25, 2013, through March 28, 2013, and the testimony has been transcribed.  (Dkt. Nos. 128-131.)  Just prior to the new trial, the parties stipulated to a discontinuance as to Defendant Lieutenant Conley.  (Dkt. No. 113.)  The pending motions were made at the close of proof per the Court's directive, and the Court reserved decision on the motions.  (Dkt. No. 130 at 168; Dkt. No. 131 at 84.)[1]  Thereafter, while these motions were pending, the jury reached a unanimous verdict finding no liability on any of the claims asserted by Plaintiff Shaundel Smith.  (Dkt. No. 116.)  The jury also rendered a unanimous verdict finding no liability on the causes of action asserted by Plaintiff Frank Smith for false arrest, false imprisonment, and unreasonable search and seizure.  *Id.*  The jury found

---

[1]  Citations to page numbers throughout this Order refer to the page numbers assigned by the Court's electronic filing system.

liability against all Defendants except Edward MacBlane ("MacBlane") for Plaintiff Frank Smith's cause of action for excessive force, awarded him $1,000 in actual damages, and awarded punitive damages. *Id.* at 44-46. The hearing on punitive damages was not immediately held and has not yet been held. (Dkt. No. 131 at 85-88.)

The parties participated with the Court in a telephone conference on March 29, 2013, to address the outstanding issues of the pending post-proof motions and the scheduling of a hearing on punitive damages. (Text Minute Entry Mar. 29, 2013.) The parties also discussed further briefing on the issue of qualified immunity. *Id.* Those briefs have been received and considered in this order. (Dkt. Nos. 121 and 122.) A second phone conference was held on April 17, 2013, in which it was directed that the parties submit further briefing to the Court on the post-proof motions before the hearing on punitive damages would be held. (Text Minute Entry Apr. 17, 2013.) Those briefs have also been received and considered in this order. (Dkt. Nos. 126 and 127.) The parties alternatively requested a mistrial. *Id.*

## II.  LEGAL STANDARD GOVERNING RULE 50 MOTIONS FOR JUDGMENT AS A MATTER OF LAW

Generally, motions for judgment as a matter of law in a jury trial are analyzed pursuant to Rule 50(a) of the Federal Rules of Civil Procedure, which provides that:

> (1) If a party has been fully heard on an issue during a jury trial and the court finds that a reasonable jury would not have a legally sufficient evidentiary basis to find for the party on that issue, the court may:
> (A) resolve the issue against the party; and
> (B) grant a motion for judgment as a matter of law against the party on a claim or defense that, under the controlling law, can be maintained or defeated only with a favorable finding on that issue.

Fed. R. Civ. P. 50(a)(1). *See also Highland Capital Mgmt. LP v. Schneider,* 607 F.3d 322, 326

(2d Cir. 2010) (judgment as a matter of law proper where a reasonable jury would not have a legally sufficient evidentiary basis to find for the party) (citing Fed. R. Civ. P. 50(a)). "In ruling on a motion for a directed verdict or for judgment n.o.v., the district court is required to deny the motion unless, viewed in the light most favorable to the nonmoving party, 'the evidence is such that, without weighing the credibility of the witnesses or otherwise considering the weight of the evidence, there can be but one conclusion as to the verdict that reasonable men could have reached.'" *Sir Speedy, Inc. v. L & P Graphics, Inc.,* 957 F.2d 1033, 1038-39 (2d Cir. 1992) (quoting *Simblest v. Maynard,* 427 F.2d 1, 4 (2d Cir. 1970)). In other words, judgment as a matter of law pursuant to Rule 50(a) is appropriate when "drawing all reasonable inferences regarding the weight of the evidence and the credibility of witnesses in favor of [the non-movant], a reasonable jury could only have found for the [movant]." *In re Joint E. & S. Dist. Asbestos Litig.,* 52 F.3d 1124, 1131 (2d Cir. 1995).

### III.   ANALYSIS

Defendants moved under Rule 50 to dismiss all causes of action at the close of all the proof. (Dkt. No. 130 at 149.)[2] Defendants also argued that they were entitled to qualified immunity on all of the causes of action. *Id.* at 157-58. Plaintiffs moved for judgment as a matter of law on the issue of qualified immunity and, apparently, on all causes of action. *Id.* at 158, 165-66. While these motions were pending, the jury returned a verdict for Defendants on all causes of action with the exception of the excessive force claim alleged by Plaintiff Frank Smith. (Dkt. No. 116.)

---

[2]   At the close of Plaintiffs' proof, the Court permitted Defendants to reserve their right to make all pertinent motions at the end of all the proof. (Dkt. No. 130 at 116.)

### A. All Causes of Action Except Plaintiff Frank Smith's Excessive Force Claim

The Court denies the parties' motions for judgment as a matter of law on all of the causes of action except Plaintiff Frank Smith's cause of action for excessive force, which is discussed separately below. Evidentiary questions of fact existed on all of Plaintiff Shaundel Smith's causes of action and on the claims of Plaintiff Frank Smith for false arrest, false imprisonment, and unreasonable search and seizure such that reasonable jurors could have reached more than one conclusion on the verdict on these issues. Fed. R. Civ. P. 50(a); *see also* Dkt. No. 130 at 149-170.

### B. Plaintiff Frank Smith's Excessive Force Claim

Turning to the issue of Plaintiff Frank Smith's cause of action for excessive force, Defendants argue that the jury did not have a legally sufficient evidentiary basis to find for Plaintiff Frank Smith. (Dkt. No. 130 at 157; Dkt. No. 126 at 5.) Plaintiffs argue that the jury properly resolved questions of fact regarding whether Defendants used excessive force on Plaintiff Frank Smith. (Dkt. No. 130 at 163-64.) Although this is a close question, for the reasons discussed below the Court finds that the jury's verdict regarding excessive force had a legally sufficient evidentiary basis.

Plaintiff Frank Smith alleges he was subjected to excessive force. (Dkt. No. 122 at 1.) Claims regarding the use of excessive force during arrest are analyzed under the Fourth Amendment's guarantee against unreasonable seizures. *Graham v. O'Connor,* 490 U.S. 386, 394-95 (1989). The pertinent inquiry is whether the actions of the police officers were "'objectively reasonable' in light of the facts and circumstances confronting them, without regard

to their underlying intent or motivation." *Id.* at 397.  The proper application of the test of reasonableness under the Fourth Amendment "requires careful attention to the facts and circumstances of each particular case, including the severity of the crime at issue, whether the suspect poses an immediate threat to the safety of officers or others, and whether he is actively resisting arrest or attempting evade arrest by flight." *Id.* at 396.

      Here, viewing the facts in the light most favorable to Plaintiff Frank Smith, the evidence showed that (1) Defendants suspected Plaintiff Frank Smith of the non-violent and non-severe crime of obstruction of governmental administration based on his refusal to voluntarily open the door to his home when officers, without a warrant, knocked on it in the middle of the night; (2) Plaintiff Frank Smith, who was lawfully in his own home after midnight clad only in a tee shirt and boxer shorts, posed no immediate threat to the safety of officers or others; and (3) Plaintiff Frank Smith did not resist arrest.  Despite these facts, the officers forcibly entered Plaintiff Frank Smith's home, placed him on the floor, handcuffed him, removed him from his apartment without giving him an opportunity to dress, transported him to the Criminal Investigations Division, and left him chained to a bar in an interrogation room.  Plaintiff Frank Smith was never charged with or convicted of any crime following the incident.

      Specifically, this evidence came from the testimony of Plaintiff Frank Smith himself, who testified to the following: (1) he was handcuffed for approximately one hour; (2) he was forcibly taken out of his apartment in his boxer shorts and a tee shirt without shoes; (3) he complained to Defendant MacBlane that the handcuffs were too tight; (4) he did not resist arrest; (5) he had bruises and red marks on his wrists which lasted two to three days; and (6) he was never charged

6

with obstruction of governmental administration or any crime. (Dkt. No. 128 at 45-53, 58-59, 73-76, 80-83, 86-90.) This evidence formed a legally sufficient basis for the jury to find for Plaintiff Frank Smith on the issue of excessive force.

Rather than relying on the standard excessive force inquiry as set forth in *Graham*, Defendants cite a series of cases that deal specifically with handcuffing. (Dkt. No. 126 at 5-7.) The courts in those cases considered: (1) whether the handcuffs were too tight; (2) whether the defendants disregarded or ignored the arrestee's complaints that the handcuffs were too tight; and (3) the degree of injury to the wrists. *See, e.g., Esmont v. City of New York*, 371 F. Supp. 2d 202, 215 (E.D.N.Y. 2005). The cases cited by Defendants, however, are factually distinguishable from the case at bar. Most importantly, the vast majority of the cases cited by Defendants involve handcuffing that occurred in public spaces rather than in the arrestee's home. *Esmont*, 371 F. Supp. 2d 202 (arrest in driveway); *Smith v. City of New York*, No. 04 Civ. 3286 (TPG), 2010 U.S. Dist. LEXIS 88774, 2010 WL 3397683 (S.D.N.Y. Aug. 27, 2010) (arrest outside place of business); *Wilder v. Vill. of Amityville*, 288 F. Supp. 2d 341 (E.D.N.Y. 2003) (arrest at public demonstration); *Sachs v. Cantwell*, No. 10 Civ. 1663 (JPO), 2012 U.S. Dist. LEXIS 125335, 2012 WL 3822220 (S.D.N.Y. Sept. 4, 2012) (arrest at bar); *Barratt v. Joie*, No. 96CIV0324LTSTHK, 2002 U.S. Dist. LEXIS 3453, 2002 WL 335014 (S.D.N.Y. Mar. 4, 2002) (arrest in hotel lobby). While *Lynch v. City of Mount Vernon*, 567 F. Supp. 2d 459 (S.D.N.Y. 2008) did involve an arrest inside a home, that case is factually distinguishable because the officers there had a warrant and were searching for drugs and handguns. Thus, the Court finds that Defendants' reliance on the cited cases is misplaced.

Defendants' argument on the underlying merits of Plaintiff Frank Smith's excessive force claim is insufficient to overturn the jury's verdict, for which there was a legally sufficient evidentiary basis. Therefore, Defendants' motion for judgment as a matter of law on the constitutional merits of the excessive force claim of Plaintiff Frank Smith is denied. Plaintiffs' motion for judgment as a matter of law on Plaintiff Frank Smith's excessive force claim is denied as moot inasmuch as the jury returned a verdict for him on this cause of action.

C.   **Qualified Immunity**

Defendants contend they are entitled to qualified immunity on Plaintiff Frank Smith's excessive force claim even if the Court finds that the jury's verdict is factually sufficient. (Dkt. No. 126 at 8.) For the reasons discussed below, Defendants are correct.

Defendants in civil rights actions are entitled to qualified immunity from civil damages "unless defendant's alleged conduct, when committed, violated 'clearly established statutory or constitutional rights of which a reasonable person would have known.'" *Williams v. Smith*, 781 F.2d 319, 322 (2d Cir. 1986) (quoting *Harlow v. Fitzgerald*, 457 U.S. 800, 815 (1982)). Thus, the qualified immunity inquiry involves two issues: (1) "whether the facts, viewed in the light most favorable to the plaintiff, establish a constitutional violation"; and (2) "whether it would be clear to a reasonable officer that his conduct was unlawful in the situation confronted." *Sira v. Morton*, 380 F.3d 57, 68-69 (2d Cir. 2004) (citations omitted), *accord*, *Higazy v. Templeton*, 505 F.3d 161, 169, n.8 (2d Cir. 2007) (citations omitted).

Here, as discussed above, the facts viewed in the light most favorable to Plaintiff Frank Smith establish a constitutional violation. The issue, then, is whether it would be clear to a

reasonable officer that his conduct was unlawful in the situation confronted.

In determining whether it would be clear to a reasonable officer that his conduct was unlawful in the situation confronted, courts in this circuit consider three factors: (1) whether the right in question was defined with 'reasonable specificity'; (2) whether the decisional law of the Supreme Court and the applicable circuit court support the existence of the right in question; and (3) whether under preexisting law a reasonable defendant official would have understood that his or her acts were unlawful. *Jermosen v. Smith*, 945 F.2d 547, 550 (2d Cir. 1991) (citations omitted). In the excessive force context, the Second Circuit has noted that "even officers who are found to have used excessive force may be entitled through the qualified immunity doctrine to an extra layer of protection from the sometimes hazy border between excessive and acceptable force. The relevant inquiry is whether it would be clear to a reasonable officer that his conduct was unlawful in the situation he confronted. Thus . . . qualified immunity protects all but the plainly incompetent or those who knowingly violate the law." *Stephenson v. Doe*, 332 F.3d 68, 77-78 (2d Cir. 2003).

Here, Defendants were not plainly incompetent and did not knowingly violate the law. Non-party Detective Sergeant Anthony Rossillo ("Rossillo") testified at trial that he decided to arrest Plaintiff Frank Smith for obstruction of governmental administration after Frank indicated that Shaundel Smith was not inside the apartment and after Frank refused to open the door. (Dkt. No. 130 at 129.) There was no conflicting testimony from any of the parties about Rossillo's decision. Any Defendant who handcuffed Plaintiff Frank Smith, took him to the police station, and/or detained him there was acting in accordance with those orders. Given these orders and the

case law discussed above regarding the propriety of handcuffing arrestees, it would not have been clear to the subordinate Defendant officers that their conduct was unlawful in the situation they confronted.

Further, the jury's responses to several specific interrogatories in their verdict with regard to the particular detaining of Plaintiff Frank Smith are instructive. (Dkt. No. 116.) In responding to the question "did Defendants have a reasonable suspicion that Plaintiff Frank Smith was engaged in criminal activity at the time of the stop," the jurors unanimously answered "yes" for all of the Defendants. *Id.* at 23. The jurors likewise responded that "the length and scope of Defendants' seizure of the person of Frank Smith was reasonable." *Id.* at 25. The jurors found the length of the seizure did not exceed the time required to dispel reasonable suspicion that Plaintiff Frank Smith was engaged in criminal activity. *Id.* at 28. The jurors found Plaintiff Frank Smith was confined, but the confinement was privileged. *Id.* at 37-39. The jurors found Plaintiff Frank Smith refused to open the door when asked to do so by the officers and that he indicated to the officers that Plaintiff Shaundel Smith was not inside. *Id.* at 47-48.

Based upon the above, and specifically Plaintiff Frank Smith's testimony and the jury's responses to the special interrogatories in their verdict, Defendants are entitled to qualified immunity on Plaintiff Frank Smith's excessive force claim. It was objectively reasonable for each Defendant to believe that his conduct was lawful in the situation confronted. *See Saucier v. Katz,* 533 U.S. 194, 202 (2001) (qualified immunity determination turns on whether it would be clear to the officer that his conduct was unlawful in the situation confronted). Additionally, Plaintiff Frank Smith's testimony and the jury's responses to the special interrogatories do not

show the Defendants were "plainly incompetent" in their conduct under the circumstances. *See Malley v. Briggs,* 475 U.S. 335, 341 (1986) (qualified immunity provides "protection to all but the plainly incompetent or those who knowingly violate the law").

Based upon all of the above, as a matter of law, Defendants are entitled to qualified immunity. Therefore, the need for a hearing on punitive damages is moot, and the requests for a mistrial are likewise moot.

**ACCORDINGLY**, it is hereby

**ORDERED** that Defendants' Rule 50 motion for judgment as a matter of law for all causes of action is **DENIED**; and it is further

**ORDERED** that Defendants' motion for judgment as a matter of law on the issue of qualified immunity is **GRANTED**; and it is further

**ORDERED** that Plaintiffs' Rule 50 motion for judgment as a matter of law on the issue of qualified immunity, is **DENIED**; and it is further

**ORDERED** that the parties' motion requests for a mistrial or partial mistrial, are **DENIED**; and it is further

**ORDERED** that the Clerk enter judgment for Defendants on all causes of action; and it is further

**ORDERED** that the jury be discharged.

Dated: June 3, 2013
      Syracuse, New York

_____
Thérèse Wiley Dancks
United States Magistrate Judge